

# The Attorney General of Texas

April 20, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1... Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Roy Harris
County Auditor
Gregg County Courthouse
Longview, Texas    75606

Opinion No.  JM-148

Re:  Whether article 2350o,
V.T.C.S.,  relating  to  car
allowances for members of the
commissioners     court     was
repealed  by  article  3912k,
V.T.C.S.

Dear Mr. Harris:

You  have  requested  our  opinion  regarding  the  interpretation of
articles 2350o and 3912k, V.T.C.S., both of which pertain to expense
allowances  for  county  officials.   Article  2350o  provides  that  for
counties  of  the  population  of  Gregg  County,  each  member  of  the
commissioners  court  is  entitled  to  $100  per  month  for  "traveling
expenses  and  depreciation  on  his  automobile  while  on  official  business
within the county."  V.T.C.S. art. 2350o., §2.  It is our opinion that
article 3912k repeals article 2350o and that the commissioners court
is  free  to  establish  any  level  of  automobile  expense  allowances  for
members .of  the  commissioners  court  so  long  as  such  allowances  are
reasonably  related  to  official  county  business.   Article  3912k  appears
below in part:

> [T]he commissioners court of each county shall
> fix the amount of compensation, office expense,
> travel  expense,  and  all  other  allowances  for
> county  and  precinct  officials  and  employees  who
> are  paid  wholly  from  county  funds . . . .

V.T.C.S. art. 3912k, §1.

Article 2350o was first enacted in 1959.  Acts 1959, 56th Leg.,
ch. 221,  at  502.   In  1971  section  3  was  amended  to  increase  the  car
allowance  in  counties  with  a  population  over  124,000  from  $125  to
$300.   Acts  1971,  62nd  Leg.,  ch.  811,  §1  at  2489  (this  is  not
reflected  in  the  reported  statutes).   The  same  legislation  also
repealed  section  4  of  article  2350o  which  had  set  the  car  allowances
in  counties  with  a  population  over  600,000  at  $150.   Acts  1971,  62nd
Leg.,  ch.  811,  §2  at  2489.   These  amendments  were  passed  during  the

same session of the legislature at which article 3912k was first adopted, including its repealer provision:

> To the extent that any local, special, or general law, including Acts of the 62nd Legislature, Regular Session, 1971, prescribes the compensation, office expense, travel expense, or any other allowance for any official or employee covered by this Act, that law is repealed.

Acts 1971, 62nd Leg., ch. 622, §8, at 2019. Because 2350o prescribes the travel expense or allowance for county commissioners, it was repealed in 1971. In 1981, however, the legislature enacted a law which updated various population bracket bills -- a provision of which purported to repeal article 2350o, section 3, which we have concluded was repealed ten years earlier. One might infer, therefore, that the portions of article 2350o not expressly repealed were still in effect. Acts 1981, 67th Leg., ch. 237, §145, p. 559, 599. Chapter 237 also provided, however, that it was "not intended to revive a law that was impliedly repealed by a law enacted by the 66th Legislature or a previous legislature." Id., §146(a) at 600. As we have stated, article 2350o was repealed in 1971 by the enactment of article 3912k, and there has been no action by the legislature to revive or reenact its provisions. Cf. Code Construction Act, article 5429b-2, V.T.C.S., §3.10 ("The repeal of a repealing statute does not revive the statute originally repealed nor impair the effect of any saving provision in it.").

You also ask whether Gregg County may provide gasoline and routine automotive supplies for use by county officials in private automobiles. We believe that the county may provide gasoline and automotive supplies for personal vehicles used in county business, instead of providing ordinary mileage. The county officer may receive only the amount of gasoline or pro rata part of automotive supplies actually used in county business. The county auditor may require documentation and affidavits which will establish to his satisfaction that the expenses result from county business. See V.T.C.S. art. 1651 (general oversight of county finances and an obligation to see to the "strict enforcement" of the laws); V.T.C.S. art. 1663a (criminal penalty for failure to comply with auditors' request for information). Thus, not every expense allowance is within the discretion of the county official but each expense must be fixed by the commissioners court subject to the limitations described herein. See Attorney General Opinions MW-121 (1979) (hospital official not entitled to unlimited use of credit card to purchase gasoline for personal automobile); H-152 (1973) (automobile allowance for county court at law judge must be related to official travel); H-992 (1977) (lump sum monthly travel allowance must have some basis in fact; travel between home and office not official business); V.T.C.S. art. 2372h-5 (further

authority to provide for travel allowance); V.T.C.S. art. 3899 (expense accounts).

## S U M M A R Y

County officials may be reimbursed with in kind allowances for travel expenses actually incurred while on county business. The commissioners court of Gregg County may fix the amount of travel expense allowed to members of the commissioners court so long as the allowance is reasonably related to official county business.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton